UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL ACTION NO. 2:13-CR-790 |
| § | |
| EMILIO PACHECO-ROSALES; aka § | |
| TAFOLLA PACHECO § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE, AND ORDER DENYING
<u>CERTIFICATE OF APPEALABILITY</u>**

Emilio Pacheco-Rosales (Pacheco-Rosales) filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 26. The government responded and filed a motion for summary judgment. D.E. 36. Pacheco-Rosales did not reply. For the reasons stated herein, the Court denies Pacheco-Rosales's motion to vacate, set-aside, or correct sentence and denies him a certificate of appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1333.

## II. FACTUAL BACKGROUND AND PROCEEDINGS

Pacheco-Rosales was indicted for illegal reentry in violation of 8 U.S.C. §§ 1326(a) and 1326(b) and arraigned a few days later. D.E. 7.[1] He was appointed counsel after his arrest earlier in August 2013. D.E. 2.

Pacheco-Rosales entered into a plea agreement with the government and was rearraigned before a federal magistrate judge. D.E. 13, 14, 16. During rearraignment,

---

[1] Docket Entry references are to the criminal case.

Pacheco-Rosales acknowledged that he had the indictment, it was read to him in Spanish, and he understood the charge and had discussed it with his attorney. D.E. 31, pp. 5. He identified the plea agreement he signed and testified that it was read to him in Spanish and that he discussed it with his attorney before he signed it. *Id.*, pp. 7–8. The magistrate judge reviewed the waiver of his right to appeal and to collaterally attack his conviction or sentence. Pacheco-Rosales testified that he understood his rights and his waiver, and that he and his attorney had gone over the waivers before he signed the plea agreement. *Id.*, pp. 8–9.[2]

The magistrate judge advised Pacheco-Rosales of the maximum punishment of 20 years, followed by supervised release of up to 3 years, a fine of up to $250,000, and a special assessment of $100. *Id.*, p. 9. Pacheco-Rosales testified that he understood the maximum punishment. *Id.* He was generally warned that his guideline punishment range would be based upon the present offense and his criminal history using the Sentencing Guidelines. *Id.*, pp. 10-12. He testified that he understood. *Id.*, p. 12. Pacheco-Rosales

---

[2] THE COURT: There's also in your plea agreement in Paragraph 7 a paragraph where you waive your right to appeal your conviction and your sentence, and also your right to file a petition to collaterally attack your sentence under Title 28, Section 2255.
Do you understand by signing this plea agreement you are giving up these rights to appeal?
THE DEFENDANT: Yes.
THE COURT: The plea agreement also says that you are limited in your right to appeal in that you may only appeal a sentence that is above the statutory maximum or an upward departure from the sentencing guidelines that have not been requested by the United States. Do you understand this?
THE DEFENDANT: Yes.
THE COURT: Do you have any questions for me about your waiver of these rights or your plea agreement? Mr. Pacheco?
THE DEFENDANT: No.
*Id.*

testified that his decision to plead guilty was voluntary and that he had not been promised leniency or forced to plead guilty. *Id*., p. 14. The government outlined the facts it relied upon to charge Pacheco-Rosales with illegal reentry. He agreed with the recitation. *Id*., pp. 15-16. This Court accepted the Findings and Recommendation on Plea of Guilty. D.E. 16, 17.

The Probation Department calculated both Pacheco-Rosales's offense level and criminal history points in the Presentence Investigation Report (PSR). D.E. 19. Illegal reentry carries a base offense level of 8, but Pacheco-Rosales's 2012 conviction for a drug trafficking offense added 16 points to the base offense pursuant to § 2L1.2(b)(1)(A)(i) of the Sentencing Guidelines. *Id*., ¶ 11. After credit for acceptance of responsibility, Pacheco-Rosales's total offense level was 21. *Id*., ¶¶ 10–19. His criminal history points totaled five, resulting in application of criminal history category III. *Id*., ¶¶ 21–25. His guideline imprisonment range was 46-57 months. *Id*., ¶ 42.

At sentencing, Pacheco-Rosales testified that he had received his PSR and counsel read it to him and discussed it with him in Spanish. D.E. 32, p. 3. Defense counsel argued for a downward variance. The government recommended a 46-month sentence. The Court granted a variance based upon Pacheco-Rosales's limited criminal history—one conviction for which he was on supervised release at the time of his illegal reentry—and sentenced Pacheco-Rosales to 36 months in the Bureau of Prisons and no supervised release. *Id*., p. 5. The Court reminded Pacheco-Rosales that he waived his right to appeal. *Id*.

### III. MOVANT'S ALLEGATIONS

Pacheco-Rosales challenges his sentence as unreasonable because the Court did not reduce his offense level by two levels pursuant to the Attorney General's fast track memo and because sentences imposed upon unlawful aliens are served under harsher conditions than sentences imposed upon United States citizens.

The government argues that Pacheco-Rosales's claims are barred by his waiver of the right to appeal or to collaterally attack his sentence and that his sentencing claims are not cognizable in this proceeding.

### IV. ANALYSIS

**A.    28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).  Section 2255 relief "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

**B.    Enforcement of Waiver**

Pacheco-Rosales's motion did not address his waiver of the right to collaterally attack his sentence based upon the terms of his plea agreement.  The burden to

demonstrate that his plea and waiver should not be enforced is on Pacheco-Rosales.

Pacheco-Rosales does not challenge his guilty plea. The record supports a finding that it was knowing and voluntary. As set forth above, he was questioned at rearraignment regarding his understanding of the charges against him and was informed of the maximum punishment, and he swore he was not promised leniency for his plea or forced to plead guilty. He was also questioned regarding the plea agreement and his waiver of his right to appeal and/or file a § 2255 motion. He testified he understood the plea agreement and understood that he was waiving these rights.

Courts give great weight to a defendant's statements during the plea colloquy. *Blackledge v. Allison*, 431 U.S. 63, 73 (1977) ("Solemn declarations in open court carry a strong presumption of verity."); *United States v. Cothran*, 302 F.3d 279, 283–84 (5th Cir. 2002); *see also United States v. Abreo*, 30 F.3d 29, 31 (5th Cir. 1994) (placing great weight on defendant's statements during plea); *United States v. Maldonado-Rodriguez*, 64 F.3d 719, 733 (1st Cir. 1995) (giving credence to defendant's representations at plea hearing that he had not been pressured).

Pacheco-Rosales's testimony that he understood he was waiving his right both to appeal (except under certain circumstances) and to file any § 2255 motion is all that is required for his waiver to be enforceable. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) ("[A] defendant can waive his right to appeal as part of a plea agreement if the waiver is informed and voluntary"). The Court finds that Pacheco-Rosales's plea agreement and his waiver of § 2255 rights contained therein are valid and enforceable. His claims fall within the scope of his waiver and are barred from consideration.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Pacheco-Rosales has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason

would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Pacheco-Rosales is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI. CONCLUSION

For the foregoing reasons, the government's motion for summary judgment (D.E. 36) is **GRANTED**, Pacheco-Rosales's § 2255 motion (D.E. 26) is **DENIED** and he is **DENIED** a Certificate of Appealability.

ORDERED this 2nd day of July, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE